UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RICKY LEE RICHARDSON, JR.,<br><br>Defendant. | No. 2:16-cr-00069-TLN<br><br>**ORDER** |

This matter is before the Court on Defendant Ricky Richardson's ("Defendant") Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(C)(1)(A)(i). (ECF No. 84.) The Government filed an opposition. (ECF No. 91.) Defendant filed a reply. (ECF No. 94.) For the reasons set forth below, the Court DENIES Defendant's motion.

///
///
///
///
///
///
///
///

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

On February 15, 2018, Defendant pleaded guilty to sex trafficking of a child in violation of 18 U.S.C. § 1591(a)(1).  (ECF No. 58.)  On September 6, 2018, the Court sentenced Defendant to a 135-month term of imprisonment followed by a 180-month term of supervised release.  (ECF No. 77.)  Defendant is currently serving his sentence at FMC Rochester.  He has served approximately 54 months of his 135-month sentence of imprisonment and his projected release date is September 21, 2025.

On July 14, 2020, Defendant filed the instant motion for release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  (ECF No. 84.)  Defendant requests the Court reduce his term of imprisonment to time served with a period of home confinement due to the COVID-19 pandemic.  (*Id.* at 4.)  Defendant is 44 years old and claims he is at an elevated risk for severe complications from COVID-19 because he suffers from multiple medical conditions, including Type 2 diabetes and hypertension.  (*Id.*)  Defendant cites the conditions of his confinement at FMC Rochester as an additional factor in his vulnerability.  (*Id.* at 8.)  In opposition, the Government admits Defendant's Type 2 diabetes is a potentially qualifying medical condition in light of COVID-19.  (ECF No. 91 at 10.)  Regardless, the Government argues the Court should deny Defendant's motion because Defendant is a continuing danger to the community and the 18 U.S.C. § 3553(a) ("§ 3553(a)") factors do not support a reduced sentence.

## II. ANALYSIS

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824–25 (2010).  The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) sets forth a rare exception to the general rule.  However, relief under 18 U.S.C. § 3582(c)(1)(A) is only available

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ["BOP"] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

18 U.S.C. § 3582(c)(1)(A).

///

In the instant case, it is undisputed that Defendant has met the threshold exhaustion requirement. Defendant made a request to the warden on April 3, 2020. The warden denied Defendant's request on July 10, 2020. Because more than 30 days have elapsed since April 3, 2020, Defendant has met the exhaustion requirement. *See* 18 U.S.C. § 3582(c)(1)(A).

Despite having met the exhaustion requirement, Defendant is eligible for compassionate release only if he can demonstrate there are "extraordinary and compelling reasons" for a sentence reduction and such a reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

The Sentencing Commission's relevant policy statement on compassionate release identifies medical conditions that satisfy the "extraordinary and compelling" requirement. U.S.S.G. § 1B1.13, cmt. n. 1(A). More specifically, the "extraordinary and compelling" requirement is met where a defendant is: (i) suffering from a terminal illness; or (ii) suffering from a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process, "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.*

The presentencing report ("PSR") indicates Defendant was shot in 2000 and suffered a spinal injury that left him paralyzed and wheelchair bound. Further, BOP medical records — filed under seal — indicate Defendant is currently being treated for primary (essential) hypertension and diabetes. The Centers for Disease Control and Prevention has identified Type 2 diabetes as a high-risk factor for COVID-19 complication. *See generally* Centers for Disease Control, Coronavirus Disease 2019 (COVID-19), People Who Are at Higher Risk, available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last visited August 29, 2020). Moreover, as of the date of this Order, the BOP reports fourteen active inmate cases of COVID-19 at FMC Rochester.

Assuming without deciding that Defendant satisfies the "extraordinary and compelling" requirement, the Court nonetheless denies Defendant's request for compassionate release based on the danger Defendant poses to the community and the § 3553(a) factors.

To be eligible for compassionate release, Defendant must demonstrate that he is "not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Here, Defendant's crime of conviction was sex trafficking of a child. More specifically, Defendant sexually abused a 16-year-old victim and caused her to work as a prostitute. The PSR further indicates this was not an isolated event. Indeed, Defendant's criminal history includes multiple, separate incidents involving illegal prostitution activity. Defendant also has a history of possessing firearms, despite being prohibited from possessing firearms due to his criminal record. It also bears mentioning that Defendant committed these crimes despite his physical limitations. Defendant summarily argues he is no longer a danger to anyone, citing his strong family support and rehabilitation efforts in prison. (ECF No. 84 at 30; ECF No. 94 at 29.) While the Court commends Defendant's efforts to rehabilitate himself while in prison, those efforts do not persuade the Court that Defendant no longer poses a danger to the community. Based on Defendant's sexual abuse of the victim in this case, pattern of involvement with prostitution activity, and repeated illegal possession of firearms, Defendant fails to demonstrate he is not a continuing danger to the community.

In addition, the Court must consider the § 3553(a) factors before granting compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A). Notably, the probation officer indicated in the PSR that the nature and circumstances of Defendant's offense, as well as his criminal history, could easily justify a mid-range sentence. However, the probation officer recommended a low-end sentence based on mitigating factors, such as Defendant's difficult childhood and past trauma. This Court ultimately followed the probation officer's recommendation and sentenced Defendant to a 135-month term of imprisonment, which was the low end of the applicable guidelines range of 135–168 months. Defendant now seeks to reduce his sentence to time served despite having served only approximately 54 months of his sentence. In other words, Defendant is seeking a reduction from a well-supported, low-end, 135-month sentence to a considerably lower 54-month sentence. Based on the record before the Court, the § 3553(a) factors do not support such a drastic reduction. Although the § 3553(a) factors specifically include the need to provide Defendant with medical care in the most effective manner, it appears FMC Rochester has thus far been capable of

adequately addressing Defendant's medical needs.  Therefore, Defendant's medical needs do not outweigh the other § 3553(a) factors that support a 135-month sentence.

### III. CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Compassionate Release.  (ECF No. 84).

IT IS SO ORDERED.

DATED:  August 31, 2020

Troy L. Nunley
United States District Judge