UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RICKY LEE RICHARDSON, JR.,<br><br>Defendant. | No. 2:16-cr-00069-TLN<br><br>**ORDER** |

This matter is before the Court on Defendant Ricky Richardson's ("Defendant") Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(C)(1)(A)(i).  (ECF No. 108.)  The Government filed an opposition.  (ECF No. 112.)  Defendant filed a reply.  (ECF No. 116.)  For the reasons set forth below, the Court DENIES Defendant's motion.

///
///
///
///
///
///
///
///

1

### I. FACTUAL AND PROCEDURAL BACKGROUND

On February 15, 2018, Defendant pleaded guilty to sex trafficking of a child in violation of 18 U.S.C. § 1591(a)(1).  (ECF No. 58.)  On September 6, 2018, the Court sentenced Defendant to a 135-month term of imprisonment followed by a 180-month term of supervised release.  (ECF No. 77.)  Defendant is currently serving his sentence at FMC Rochester.  He has served approximately 83 months of his 135-month sentence of imprisonment and his projected release date is September 21, 2025.

On July 14, 2020, Defendant filed a motion for release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) based on his health risks related to COVID-19.  (ECF No. 84.)  The Court denied Defendant's motion.  (ECF No. 100.)  The Court assumed without deciding that Defendant satisfied the extraordinary and compelling reasons requirement and denied Defendant's request based on the danger Defendant posed to the community and the 18 U.S.C. § 3553(a) factors.  (*Id.* at 4–5.)  Defendant appealed the Court's decision.  (ECF No. 101.)  The Ninth Circuit affirmed.  (ECF Nos. 107–108.)  Defendant filed the instant renewed motion for compassionate release on July 5, 2022.  (ECF No. 108.)

### II. ANALYSIS

#### A. Exhaustion

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824–25 (2010).  The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) sets forth a rare exception to the general rule.  However, relief under 18 U.S.C. § 3582(c)(1)(A) is only available

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ["BOP"] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

18 U.S.C. § 3582(c)(1)(A).

In the instant case, it is undisputed that Defendant has met the threshold exhaustion requirement, as more than 30 days have elapsed since Defendant made a request to the warden on May 11, 2022.

B.     Extraordinary and Compelling Reasons

Despite having met the exhaustion requirement, Defendant is eligible for compassionate release only if he can demonstrate there are "extraordinary and compelling reasons" for a sentence reduction and such a reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Ninth Circuit recently held that "the current version of U.S.S.G. § 1B1.13 is not an 'applicable policy statement[ ]' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant." *United States v. Aruda*, 993 F.3d 797, 802 (2021). The Ninth Circuit explained "[t]he Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *Id.* The Court thus looks to § 1B1.13 as persuasive authority.

Defendant argues his medical conditions and the conditions of his confinement make him particularly vulnerable to COVID-19. (ECF No. 108 at 11–12.) The presentence report ("PSR") indicates Defendant was shot in 2000 and suffered a spinal injury that left him paralyzed and wheelchair bound. Further, BOP medical records indicate Defendant is currently being treated for primary (essential) hypertension, vitamin D deficiency, and Type 2 diabetes. Defendant is fully vaccinated against COVID-19 and has one booster.

Defendant also argues his rehabilitation constitutes extraordinary and compelling reasons for release. (*Id.* at 5–8, 11.) Defendant notes that although the Court recommended at sentencing that he participate in the RDAP program, the BOP informed Defendant he is prohibited from receiving time off from the RDAP program due to the nature of his underlying conviction. (*Id.* at 3.) Defendant states his conviction further prohibits him from receiving time credits under the First Step Act. (*Id.*)

The Court agrees with the Government that Defendant has not established extraordinary and compelling reasons for release based on a lack of evidence that the BOP is unable to manage Defendant's health conditions. Moreover, Defendant's vaccination status reduces his COVID-19 risks.[1] Defendant's concerns about COVID-19 are too general and speculative to warrant

---

[1] The Court recognizes that other judges within this District have applied a "rebuttable presumption" test to a defendant's vaccination status. *United States v. Mathews*, 557 F. Supp. 3d

3

1   extraordinary and compelling reasons for release.  In addition, while the Court commends
2   Defendant's rehabilitative efforts in prison, Defendant's efforts are not sufficient to constitute
3   extraordinary and compelling reasons for release.

4         Even if Defendant had met the extraordinary and compelling requirement, the Court
5   would nonetheless deny Defendant's request for compassionate release based on the danger
6   Defendant poses to the community and the § 3553(a) factors.

7         Defendant's crime of conviction was sex trafficking of a child.  More specifically,
8   Defendant sexually abused a 16-year-old victim and caused her to work as a prostitute.  The PSR
9   further indicates this was not an isolated event.  Indeed, Defendant's criminal history includes
10  multiple, separate incidents involving illegal prostitution activity.  Defendant also has a history of
11  possessing firearms, despite being prohibited from possessing firearms due to his criminal record.
12  It also bears mentioning that Defendant committed these crimes despite his physical limitations.
13  Defendant argues he is no longer a danger, citing his rehabilitation efforts in prison.  (ECF No.
14  108 at 5–6.)  Although Defendant's rehabilitation efforts are commendable, those efforts do not
15  persuade the Court that Defendant is no longer a danger to the community based on Defendant's
16  sexual abuse of the victim in this case, pattern of involvement with prostitution activity, and
17  repeated illegal possession of firearms.

18        In addition, the Court must consider the § 3553(a) factors before granting compassionate
19  release.  *See* 18 U.S.C. § 3582(c)(1)(A).  Notably, the probation officer indicated in the PSR that
20  the nature and circumstances of Defendant's offense, as well as his criminal history, could easily
21  justify a mid-range sentence.  However, the probation officer recommended a low-end sentence
22  based on mitigating factors, such as Defendant's difficult childhood and past trauma.  This Court
23  ultimately followed the probation officer's recommendation and sentenced Defendant to a 135-
24  month term of imprisonment, which was the low end of the applicable guidelines range of 135–
25  168 months.  Defendant now seeks to reduce his sentence to time served despite having served

---

1057, 1061 (E.D. Cal. 2021).  The Court does not apply this test and instead approaches a defendant's vaccination status on a case-by-case basis pursuant to the discretionary authority prescribed by *Aruda*.  993 F.3d at 801–02.

only approximately 83 months of his sentence. In other words, Defendant is seeking a reduction from a well-supported, low-end, 135-month sentence to a considerably lower 83-month sentence. Based on the record before the Court, the § 3553(a) factors do not support such a drastic reduction. Although the § 3553(a) factors specifically include the need to provide Defendant with medical care in the most effective manner, it appears FMC Rochester has thus far been capable of adequately addressing Defendant's medical needs. Therefore, Defendant's medical needs do not outweigh the other § 3553(a) factors that support a 135-month sentence.

### III.  CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Compassionate Release. (ECF No. 108.)

IT IS SO ORDERED.

**DATED: January 13, 2023**

Troy L. Nunley
United States District Judge