UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RICKY LEE RICHARDSON, JR.,<br><br>Defendant. | No. 2:16-cr-00069-TLN<br><br>**ORDER** |

This matter is before the Court on Defendant Ricky Lee Richardson, Jr.'s ("Defendant") Third Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(C)(1)(A)(i). (ECF No. 118.) The Government filed an opposition. (ECF No. 121.) Defendant filed a reply. (ECF No. 122.) For the reasons set forth below, the Court DENIES Defendant's motion.

///
///
///
///
///
///
///
///

## I. FACTUAL AND PROCEDURAL BACKGROUND

On February 15, 2018, Defendant pleaded guilty to sex trafficking of a child in violation of 18 U.S.C. § 1591(a)(1). (ECF No. 58.) On September 6, 2018, the Court sentenced Defendant to a 135-month term of imprisonment followed by a 180-month term of supervised release. (ECF No. 77.) Defendant is currently serving his sentence at FMC Rochester. He has served approximately 89 months of his 135-month sentence of imprisonment and his projected release date is September 21, 2025.

On July 14, 2020, Defendant filed a motion for release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) based on his health risks related to COVID-19. (ECF No. 84.) The Court denied Defendant's motion. (ECF No. 100.) The Court assumed without deciding that Defendant satisfied the extraordinary and compelling reasons requirement and denied Defendant's request based on the danger Defendant posed to the community and the 18 U.S.C. § 3553(a) factors. (*Id.* at 4–5.) Defendant appealed the Court's decision. (ECF No. 101.) The Ninth Circuit affirmed. (ECF Nos. 107–108.) Defendant filed a renewed motion for compassionate release on July 5, 2022, based on his medical condition and rehabilitation efforts. (ECF No. 108.) The Court again denied Defendant's motion. (ECF No. 117.) Defendant filed his third motion for compassionate release on July 19, 2023. (ECF No. 118.) In addition to arguing he should be released based on his medical conditions, Defendant also argues he should be released because his mother was recently diagnosed with terminal cancer and has approximately six months to live. (*Id.* at 2.)

## II. ANALYSIS

### A. Exhaustion

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824–25 (2010). The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) sets forth a rare exception to the general rule. However, relief under 18 U.S.C. § 3582(c)(1)(A) is only available

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ["BOP"] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

2

18 U.S.C. § 3582(c)(1)(A).

In the instant case, the Government argues Defendant has not exhausted his administrative remedies because his general requests to the warden were not based on his family circumstances, which is the basis for Defendant's motion. (ECF No. 121 at 5.) In reply, Defendant argues that while he technically may not have complied with the administrative deadline, the Court should still consider his motion. (ECF No. 122 at 2.)

The Court has reviewed Defendant's request to the warden and agrees with the Government that Defendant's request does not raise the issue of family circumstances that is the basis for his motion. (ECF No. 121-1 at 6–11.) As such, Defendant has not met the exhaustion requirement. Although Defendant's failure to exhaust provides independent grounds for denying his motion, the Court will nonetheless review the merits of Defendant's motion.

B. <u>Extraordinary and Compelling Reasons</u>

Defendant is eligible for compassionate release only if he can demonstrate there are "extraordinary and compelling reasons" for a sentence reduction and such a reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(C)(1)(A). The Ninth Circuit recently held that "the current version of U.S.S.G. § 1B1.13 is not an 'applicable policy statement[ ]' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant." *United States v. Aruda*, 993 F.3d 797, 802 (2021). The Ninth Circuit explained "[t]he Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *Id.* The Court thus looks to § 1B1.13 as persuasive authority.

As with his prior two motions for compassionate release, Defendant again argues he has medical conditions that make him more vulnerable to COVID-19. (ECF No. 118 at 3.) Defendant, however, fails to offer any new argument or evidence about his health conditions. For the same reasons discussed in its prior order, the Court again finds Defendant's medical conditions do not constitute extraordinary and compelling reasons for release.[1] (*See* ECF No. 117

---

[1] Unlike his prior motion, Defendant does not argue his rehabilitative efforts constitute extraordinary and compelling reasons for release. However, for the same reasons discussed in its

3

at 3–4.)

Defendant's only new argument concerns his mother's terminal cancer diagnosis. (ECF No. 118 at 2.) This argument is similar in reasoning as the family circumstances justification outlined in U.S.S.G. § 1B1.13(C). The Court, thus, looks to § 1B1.13(C) for guidance. Section 1B1.13(C) lists the following family circumstances that may qualify as extraordinary and compelling reasons for release: "(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children"; and "(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. § 1B1.13(C). Defendant's request does not meet either of those two prongs. Further, the Court agrees with the Government that Defendant fails to present sufficient evidence he is the only person available to provide care for his mother, especially considering Defendant indicates his mother currently lives with his daughter. (ECF No. 118 at 2); *see United States v. Stanley*, No. 2:16-CR-00093-TLN, 2022 WL 2052603, at *2 (E.D. Cal. June 7, 2022) (denying release where the defendant did not provide evidence his aunt and mother needed live-in care or that he was the only available caregiver). Defendant's motion seems to be based primarily on his desire to see his mother before her death and the BOP's failure to provide options to facilitate that. While the Court acknowledges that Defendant's mother's diagnosis is tragic, the Court finds it does not constitute extraordinary and compelling reasons for release.

          C.     <u>Danger and 18 U.S.C. § 3553(a) Factors</u>

Even if Defendant had met the extraordinary and compelling requirement, the Court would nonetheless deny Defendant's request for compassionate release based on the danger Defendant poses to the community and the 18 U.S.C. § 3553(a) factors.

Defendant's crime of conviction was sex trafficking of a child. More specifically, Defendant sexually abused a 16-year-old victim and caused her to work as a prostitute. The PSR further indicates this was not an isolated event. Indeed, Defendant's criminal history includes

---

prior order, the Court again credits Defendant for his accomplishments and encourages him to continue his rehabilitative endeavors, but finds at present, Defendant's rehabilitative efforts are insufficient to constitute extraordinary and compelling reasons for release and do not mitigate the danger he poses to the community. (ECF No. 117 at 3–4.)

multiple, separate incidents involving illegal prostitution activity.  Defendant also has a history of possessing firearms, despite being prohibited from possessing firearms due to his criminal record.  It also bears mentioning that Defendant committed these crimes despite his physical limitations.  As in its prior order, the Court again finds Defendant is a danger to the community based on Defendant's sexual abuse of the victim in this case, pattern of involvement with prostitution activity, and repeated illegal possession of firearms.

In addition, the Court must consider the 18 U.S.C. § 3553(a) factors before granting compassionate release.  *See* 18 U.S.C. § 3582(c)(1)(A).  Notably, the probation officer indicated in the PSR that the nature and circumstances of Defendant's offense, as well as his criminal history, could easily justify a mid-range sentence.  However, the probation officer recommended a low-end sentence based on mitigating factors, such as Defendant's difficult childhood and past trauma.  This Court ultimately followed the probation officer's recommendation and sentenced Defendant to a 135-month term of imprisonment, which was the low end of the applicable guidelines range of 135–168 months.  Defendant now seeks to reduce his sentence to time served, which at present is approximately 89 months.  In other words, Defendant is seeking a reduction from a well-supported, low-end, 135-month sentence to an 89-month sentence.  The present facts do not support such a reduction.

### III. CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Compassionate Release.  (ECF No. 118.)

IT IS SO ORDERED.

Date:  August 21, 2023

Troy L. Nunley
United States District Judge

5